# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Armando Tinoco, Victor Manuel Soto, )
Gustavo Alberto Montalvo Bernal )
both individually, and on behalf of those similarly situated,)
                                Plaintiffs, )Case No. 2:23-cv-66
     v. )
                                      )
Quest Drilling Company, LLC. )
                                      )
                              Defendants. )

## PLAINTIFFS' COMBINED CLASS ACTION AND
## FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Plaintiffs, Armando Tinoco, Victor Manuel Soto and Gustavo Alberto Montalvo Bernal both individually, and on behalf of those similarly situated, ("Plaintiff"), brings this this combined Rule 23 class action and FLSA collective action against Defendant Quest Drilling Company, LLC. ("Quest") Plaintiffs will serve as the representatives for plaintiffs in the Rule 23 class action and FLSA collective action; in support thereof, would show the Court as follows:

### INTRODUCTION

1. Armando Tinoco, Victor Manuel Soto and Gustavo Alberto Montalvo Bernal, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid overtime wages owed to Tinoco and all other similarly situated workers employed by Quest.

2. Plaintiffs' class action and FLSA collective action claims based upon Quest's class-wide failure to pay employees wages based upon overtime and minimum wage requirements, will be perfect for class and collective action treatment and will be easy to prove. Quest's wage and hour violations will be shown based upon a comparison of its time clock records and the face of pay stubs Quest's issues to its employees. Plaintiffs seek damages for unpaid

wages, liquidated damages, and reasonable attorneys' fees and costs. In addition, Plaintiffs seek compensation for Defendants' Negligence under supplemental jurisdiction theories of recovery.

## JURISDICTION, VENUE, AND PARTIES

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b) because the FLSA claim involves federal questions of law. The Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts and transactions as Plaintiffs' federal claims such that they form part of the same controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in Moore County, Texas.

5. Armando Tinoco is an individual who resides in Hugoton, Kansas.

6. Victor Manuel Soto is an individual who resides in Liberal, Kansas.

7. Gustavo Alberto Montalvo Bernal is an individual who resides in Liberal, Kansas.

8. Defendant Quest is a corporation organized under the laws of Kansas; at all relevant times, it operated its business in Moore County, Texas.

## FACTS COMMON TO ALL CLAIMS

9. Quest operates an oil drilling operation along the "Panhandle" in the state of Texas.

10. Defendants employs over 50 laborers to drill for oil.

11. Plaintiffs performed labor at Quest, and they were employed there, respectively, from 2017 until March 22, 2022.

12. Defendants implemented and mandated numerous policies for its laborers, including Plaintiffs, that violate federal wage laws.

13. All laborers, including Plaintiffs, were required to work more than forty (40) hours in a week.

14. Defendant Quest is an employer as defined by 29 U.S.C. § 203(d); Defendant had and has employees subject to the provisions of 29 U.S.C. § 206.  Quest is a for-profit business with in excess of fifty (50) employees and gross revenues far in excess of $500,000 per year. In addition, Quest traffics in interstate commerce in that it advertises its services on the web, and it sells products that have trafficked in interstate commerce, including: petroleum.

15. Quest currently employs in excess of Fifty (50) laborers, and Quest has a high rate of turnover for its employees.  Accordingly, on information and belief, the class/collective membership would include more than seventy (90) employees.

16. Plaintiffs and members of the proposed collective/class are not exempt workers under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages and other damages related to Defendant's violation of the FLSA.  Attached as Exhibits A-C which are executed Consent to Join Collective Action; Ex. A-C are incorporated herein.

18. Plaintiffs pursues the requested relief on behalf of the following proposed Collective:

    All individuals who currently work, or have worked, for Defendants, who have been deprived of overtime and minimum wage by virtue of not being paid by Quest time and a half their base salary for hours worked over forty (40) in a week

19. Plaintiffs are members of the collective she seeks to represent, because he was denied overtime wages earned during his week by virtue of the fact that he was paid the same wage for all hours worked in a work week; including the hours worked over forty (40).

3

20. This action may be properly maintained as a collective action because Plaintiffs and the members of the collective are similarly-situated.

21. Plaintiffs estimate that the collective, including both current and former employees over the relevant period, will include at least fifty (90) members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

22. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COUNT I: VIOLATIONS OF THE FLSA
### (Armando Tinoco v. Quest Drilling Company, LLC.)

23. Plaintiff incorporates paragraphs 1-22 above as par. 23 herein.

24. Plaintiff began working for Quest in or before 2017 to March 22, 2022.

25. At all times, Plaintiff held the same position with Quest, he was a general labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to prepare and operate oil drilling machinery, among other tasks, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

26. Defendants were paying Plaintiff an hourly wage of approximately $36.00 per hour.

27. On information and belief, Plaintiff and all members of the proposed class were paid less than the prevailing overtime and minimum wages.

28. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 77 hours per week until January 2022 when he was reduced to 36 hours per week.

29. Plaintiff was paid their wages on a(n) biweekly basis.

30. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

31. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

32. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

33. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

34. Plaintiff's unpaid weekly damages are representative of members of the proposed class.

35. As a result of Defendant's unlawful conduct, Plaintiff and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

36. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

37. Plaintiff and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

38. For Plaintiff alone, Defendant failed to properly pay wages to Plaintiff in an amount in excess of $94,572.00.

39. Defendant's failure to pay Plaintiff and the collective proper minimum and overtime wages was a willful violation the FLSA. Defendant knew that its workers were unlawfully being deprived of wages, and that it is not a common practice in any U.S. industry to charge workers for the opportunity of a day's pay.

40. Plaintiff and members of the proposed class are also entitled to recover unpaid overtime wages to the extent any of them worked in excess of forty hours per week, and such damages shall equal the difference between one-and-a-half times the prevailing minimum wage and the hourly pay actually received. Plaintiff and members of the proposed class may seek unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $94,572.00 in damages for Plaintiff alone; (ii) at least $94,572.00 in liquidated damages for Plaintiff alone; (iii) commensurate damages for any members of the proposed collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

41. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

## COUNT II: VIOLATIONS OF THE FLSA
### (Victor Manuel Soto v. Quest Drilling Company, LLC.)

42. Plaintiff incorporates herein by reference paragraphs 1 through 41 above. 42.

43. Plaintiff began working for Quest in or before November 2021 to March 22, 2022.

44. At all times, Plaintiff held the same position with Quest, he was a general labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to prepare and operate oil drilling machinery, among other tasks, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

45. Defendants were paying Plaintiff an hourly wage of approximately $30 per hour.

46. On information and belief, Plaintiff and all members of the proposed class were paid less than the prevailing overtime and minimum wages.

47. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 77 hours per week until January 2022 when he was reduced to 36 hours per week.

48. Plaintiff was paid their wages on a(n) weekly basis.

49. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

50. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

51. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

52. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime

wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

53. Plaintiff's unpaid weekly damages are representative of members of the proposed class.

54. As a result of Defendant's unlawful conduct, Plaintiff and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

55. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

56. Plaintiff and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

57. For Plaintiff alone, Defendant failed to properly pay wages to Plaintiff in an amount in excess of $21,015.00.

58. Defendant's failure to pay Plaintiff and the collective proper minimum and overtime wages was a willful violation the FLSA. Defendant knew that its workers were unlawfully being deprived of wages, and that it is not a common practice in any U.S. industry to charge workers for the opportunity of a day's pay.

59. Plaintiff and members of the proposed class are also entitled to recover unpaid overtime wages to the extent any of them worked in excess of forty hours per week, and such damages shall equal the difference between one-and-a-half times the prevailing minimum wage and the hourly pay actually received.  Plaintiff and members of the proposed class may seek unpaid wages and liquidated damages for up to three (3) years

prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $21,015.00 in damages for Plaintiff alone; (ii) at least $21,015.00 in liquidated damages for Plaintiff alone; (iii) commensurate damages for any members of the proposed collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

60. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

### COUNT III: VIOLATIONS OF THE FLSA
### (Gustavo Alberto Montalvo Bernal v. Quest Drilling Company, LLC.)

61. Plaintiff incorporates herein by reference paragraphs 1 through 60 above, herein 61.

62. Plaintiff began working for Quest in or before August 2021 to March 22, 2022.

63. At all times, Plaintiff held the same position with Quest, he was a general labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to prepare and operate oil drilling machinery, among other tasks, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

64. Defendants were paying Plaintiff an hourly wage of approximately $21.00 per hour until November 2021 when he was raised to $25 per hour and finally $27 per hour starting December 2022.

65. On information and belief, Plaintiff and all members of the proposed class were paid less than the prevailing overtime and minimum wages.

66. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 77 hours per week until January 2022 when he was reduced to 36 hours per week.

67. Plaintiff was paid their wages on a(n) weekly basis.

68. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

69. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

70. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

71. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

72. Plaintiff's unpaid weekly damages are representative of members of the proposed class.

73. As a result of Defendant's unlawful conduct, Plaintiff and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

74. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

75. Plaintiff and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

76. For Plaintiff alone, Defendant failed to properly pay wages to Plaintiff in an amount in excess of $33,337.00.

77. Defendant's failure to pay Plaintiff and the collective proper minimum and overtime wages was a willful violation the FLSA. Defendant knew that its workers were unlawfully being deprived of wages, and that it is not a common practice in any U.S. industry to charge workers for the opportunity of a day's pay.

78. Plaintiff and members of the proposed class are also entitled to recover unpaid overtime wages to the extent any of them worked in excess of forty hours per week, and such damages shall equal the difference between one-and-a-half times the prevailing minimum wage and the hourly pay actually received.  Plaintiff and members of the proposed class may seek unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $33,337.00 in damages for Plaintiff alone; (ii) at least $33,337.00 in liquidated damages for Plaintiff alone; (iii) commensurate damages for any members of the proposed collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

79. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

**Request for Relief**

WHEREFORE, Plaintiff respectfully prays for an Order:

a. Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as a waitress during the three years prior to the filing of this Complaint;

b.  Certifying this case as a Collective Action;

c. Authorizing Plaintiff's counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

d. Issuance of a declaratory judgment that the practices complained of in this Collective Action are unlawful;

e. Finding that Defendants willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff and Collective Members;

f. All damages available under the Texas Revised Code, including all
unpaid wages, all liquidated damages, and payment of all reasonable attorney's
fees, costs and expenses;

g. Granting judgment in favor of Plaintiffs and the Collective Members on their FLSA claims;

h. Awarding compensatory damages to Plaintiffs and the Collective Members in an amount to be determined;

i. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Collective Members;

j. Awarding liquidated damages to Plaintiffs and the Collective Members;

k. Awarding all costs and reasonable attorney's fees incurred prosecuting the claims;

l. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

m. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

n. Awarding any further relief the Court deems just and equitable; and

o. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
Texas Bar No. 24128272
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com
